IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: SEIZURE OF ONE 2001 36' CONTENDER VESSEL, | MISC. NO.: 14-321(SCC) |

**ORDER**

On August 21, 2014, Claimant Guillermo J. Navarro-Torres filed a request under Rule of Criminal Procedure 41(g) for the return of seized property. Docket No. 1. The property in question is a 36-foot 2001 Contender vessel, with registration number PR-7959-GG, along with three outboard engines and a trailer. *Id.* at 1. The vessel was seized on June 6, 2014, by Homeland Security Investigations agents, allegedly without a warrant. *Id.* at 1–2. According to Claimant's Rule 41(g) motion, no civil or criminal forfeiture proceedings are pending. *Id.* at 2.

The Government acknowledges seizing the vessel, and it says it, in compliance with the Civil Asset Reform Act of 2000, it provided Claimant notice of the seizure on August 21, 2014. *See* 18 U.S.C. § 983(a)(1)(A)(i). Furthermore, the Government says that subsequent to Claimant's Rule 41(g) motion, it initiated a civil forfeiture action against the vessel. *See United States v. One (1) 2001 36' Contender, with 3-300 HP Engines (Dona Barbara), Hull #JDJ36054D101, Vessel ID PR7959GG*, Civ. No. 14-1840(DRD) (D.P.R. filed Nov. 20, 2014). More recently, the vessel has been named as personal property subject to criminal forfeiture upon the convction of "the defendants" in a criminal case. *See* Indictment, *United States v. Morales-Davila*, Crim. No. 14-754(DRD) (D.P.R. filed Dec. 18, 2014) (naming the vessel in a money laundering forfeiture allegation).[1]

These matters aside, the fact that the vessel is currently subject to criminal and civil forfeiture proceedings—and that the administrative forfeiture notice was filed before the Rule

---

1. In opposing Claimant's motion, the Government seems to admit that Claimant has an ownership interest in the vessel, *see* Docket No. 6, at 2. However, Claimant is not indicted in Crim. No. 14-754, and the indictment in that case does not specify whose personal property the vessel is alleged to be for the purposes of that case's forfeiture allegation.

41(g) motion—means that a Rule 41(g) motion is inappropriate at this time. Claimant's remedy is in the pending the forfeiture actions. *See, e.g.*, *United States v. Shigemura*, 664 F.3d 310, 312–13 (10th Cir. 2011). Claimant's motion is DENIED. This case is hereby closed for statistical purposes.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 24th day of March, 2015.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE